**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

PABLO DEVAS-RODRIGUEZ                                                                                           PLAINTIFF
REG. # 45755-180

V.                                          NO: 2:07CV00057 JLH/HDY

UNITED STATES
BUREAU OF PRISONS                                                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Federal Correctional Institution in Forrest City, filed a *pro se* complaint (docket entry #2) pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on May 3, 2007, alleging that he is being denied adequate medical care.[1] Plaintiff has named the United States Bureau of Prisons ("USBP") as a Defendant, along with Matos, M. Azuma, Refendor, Amanda R. Cook, and Billy Phillips. The USBP has been previously dismissed (docket entry #14). Now pending before the Court is Defendants' motion for summary judgment (docket entry #26), and brief in support (docket entry #27).[2] Plaintiff has filed a response (docket entry #32).

---

[1] Plaintiff asserts that he needs medical care for severe abdominal pain, caused by serious gastric problems, which are due at least in part to physical injuries dating back to at least 1994.

[2] Defendants filed their motion as a motion to dismiss, but, because they attached a declaration and other evidence to their motion, it was construed as a motion for summary judgment (docket entry #29).

**I. Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**II. Analysis**

Defendants assert that Plaintiff failed to exhaust his administrative remedies, that he failed to allege personal participation by Phillips and Cook, and that Phillips and Cook are not medical experts who render care to inmates, and that all Defendants are entitled to qualified immunity. Because Plaintiff failed to properly exhaust his administrative remedies, Defendants' motion should be granted., and Plaintiff's complaint should be dismissed.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as

are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).

According to Plaintiff, he has been prevented from exhausting his administrative remedies, and that the remedies were therefore not "available" to him. The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 127 S.Ct. 910, 922 (2007). USBP inmates are first required to attempt to resolve their grievances or complaints informally with staff before filing a grievance. If that is unsuccessful, inmates proceed to the USBP's formal administrative remedy process, which involves three levels, the warden ("BP-9"), regional director ("BP-10"), and the central office ("BP-11"). Documents attached to Defendants' brief indicate that Plaintiff submitted a total of five grievances and appeals, all of which were rejected for filing deficiencies. According to a declaration from An Tran, who has access to the USBP's administrative remedy records, Plaintiff filed #389666-R1 on September 19, 2005, at the regional level.[3] That submission was rejected, and Plaintiff did not pursue that grievance further. On August 16, 2006, Plaintiff submitted #423769-F1.[4] That grievance was rejected because Plaintiff had multiple issues on one form, which was not appropriate, and because Plaintiff did not state a specific request for relief. Rather than resubmitting a proper grievance at the institutional level, Plaintiff appealed to the next level on August 24, 2006, where #423769-R1 was rejected for his

---

[3]USBP grievances are assigned a number, and given the suffix of "F1" when submitted at the institutional level, "R1" at the regional level, and "A1" at the central office. If a submission is resubmitted, it is assigned the same number, and given an "F2," "R2," or "A2" suffix.

[4]Plaintiff attached an actual copy of #423769-F1 to his response to the motion.

failure to complete the process at the institutional level.  On October 11, 2006, Plaintiff appealed that decision to the central office, where the grievance, #423769-A1, was again rejected for his failure to complete the process at the institutional level.  On January 26, 2007, Plaintiff resubmitted the grievance to the central office, where it was now numbered #423769-A2, and it was again rejected due to Plaintiff's failure to follow proper procedures.[5]  Plaintiff has not filed any further grievances or appeals.

Plaintiff mentions in his response to the motion for summary judgment that he was untimely in filing a response to a grievance rejection because Phillips delayed delivery of the rejection notice.  However, the declaration of An Tran, and the accompanying grievance records, reveal that no grievance or appeal was actually rejected due to an untimely filing.  There is no evidence that Plaintiff attempted to file a properly completed grievance and was prevented from doing so.  There is no dispute that Plaintiff's grievances and appeals were rejected, but all the evidence in the record indicates that the rejections were due to the failure of Plaintiff to follow proper procedure in their filing.  Plaintiff's response on the grievance issue may have some superficial appeal in that he argues that someone must have known about his contentions, because he did file several different administrative documents in which he raises the medical issue.  However, this ignores the fact that there is a clear administrative process in place which requires pursuing a grievance through particular levels of review beginning at the unit level.  Obviously, this process exists to promote problem solving at the earliest possible time.  Plaintiff chose to ignore this process and he also ignored specific directions when his filings were rejected.  Accordingly, there is no material fact in

---

[5]Tran's declaration was also supported by a printout of computerized records of Plaintiff's grievances.

dispute, and Plaintiff's complaint should be dismissed due to his failure to properly exhaust his administrative remedies. It appears that Plaintiff's asserted condition is chronic and there is nothing to prevent him from now properly completing the grievance process and bringing a lawsuit in the event his grievances are not resolved to his satisfaction.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #26) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __7__ day of December, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE